## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **GERARDO SANCHEZ, JOSE DOMINGUEZ, AND DAVID DUARTE,** | § § § | |
| *Plaintiffs* | § § | |
| **v.** | § § | **CIVIL NO. A-19-CV-1145-LY** |
| | § | |
| **WHEATON VAN LINES INC. D/B/A WHEATON WORLDWIDE MOVING, JEREMY WEIDMAN, ALEX M. SCHLIEF, PENSKE LOGISTICS L.L.C., AND SPIKE, INC. D/B/A OLYMPIA MOVING & STORAGE COMPANY,** | § § § § § § § | |
| *Defendants* | § | |

## O R D E R

Before the Court are Plaintiffs' Motion for an Order Compelling Production of Documents from Defendant Wheaton Van Lines, Inc., filed May 22, 2020 (Dkt. 42), and Plaintiffs' Motion to Compel Defendant Spike, Inc. to Produce All Insuring Agreements Pursuant to Rule 26, filed June 23, 2020 (Dkt. 51). The District Court referred the motions and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkts. 43, 52.

### I.    General Background

This negligence lawsuit is based on a motor vehicle collision that occurred on May 18, 2018, on Interstate Highway 35 in Austin, Texas. Plaintiffs Gerardo Sanchez, Jose Dominguez, and David Duarte allege that Alex Mathew Schlief, while in the course and scope of his employment with Jeremy Weidman, negligently rear-ended Plaintiffs, causing them to suffer severe injuries and damages. On September 17, 2019, Plaintiffs filed this lawsuit in state court against Schlief,

Weidman, Schlief's alleged statutory employers Wheaton Van Lines Inc. d/b/a Wheaton Worldwide Moving ("Wheaton") and Spike, Inc. d/b/a Olympia Moving & Storage Company ("Spike), and Penske Logistics L.L.C. ("Penske"), the owner of the vehicle driven by Schlief (collectively, "Defendants"). *Sanchez v. Wheaton Van Lines, Inc.*, Cause No. D-1-GN-19-006457 (53rd Dist. Ct. Travis County, Tex. Sept. 17, 2019). Dkt. 1-4. Plaintiffs allege negligence and gross negligence against Schlief; respondeat superior, negligent entrustment, negligent hiring, and gross negligence against Weidman; vicarious liability, negligent entrustment, and negligent hiring against Wheaton; gross negligence against Penske; and vicarious liability and respondeat superior, negligent entrustment, negligent hiring, and gross negligence against Spike. Dkt. 33.

On November 22, 2019, Defendants removed this case to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1441(b). Dkt. 1. Plaintiffs now seek an order compelling Wheaton and Spike to produce documents responsive to their discovery requests.

## II.   Standard of Review

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). Information within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003).

### III.    Analysis

**A.  Plaintiffs' Motion to Compel Wheaton to Produce Documents**

In their First Amended Complaint, Plaintiffs allege that Wheaton was the statutory employer of Schlief and Weidman "because [Wheaton] was acting as the motor carrier under Federal law for the transportation of goods being hauled and delivered by Alex Schlief at the time of the incident made the basis of this lawsuit." Dkt. 33 at ¶ 26. Plaintiffs further allege that Wheaton is liable for Schlief and Weidman's negligence under the doctrines of respondeat superior and vicarious liability. Plaintiffs also contend that Wheaton "negligently entrusted their vehicle to Defendant, Alex Schlief." *Id.* ¶ 36. Plaintiffs further assert gross negligence and negligent hiring/retention/training/supervision against Wheaton.

Plaintiffs seek an order compelling Wheaton to produce documents responsive to Plaintiffs' First Requests for Production Nos. 2, 3, 35, 61, 64, 69, and 72. Since Plaintiffs filed their Motion to Compel, Wheaton has supplemented its responses to Requests for Production Nos. 2, 35, and 72, and Plaintiffs' Motion is now moot regarding those requests.

Wheaton continues to object to Requests for Production Nos. 3, 61, 64, and 69, and has made specific arguments objecting to each request. Plaintiffs did not file a reply brief, and thus have failed to refute Wheaton's arguments. *See Dixie Elec., LLC v. Jarwin*, No. MO:17-CV-00066-RAJ, 2017 WL 8727481, at *3 (W.D. Tex. June 20, 2017) (finding that movant failed to meet his burden of showing that forum selection clause was unenforceable when he failed to file a reply brief addressing non-movant's arguments). Nevertheless, the Court addresses the merits of each of the remaining Requests for Production, and makes the following rulings.

**1.    Request No. 3**

Request for Production No. 3 seeks: "A copy of all payments received by you from any individual/business entity for the transportation of goods being hauled by Alex Schlief at the time

of the incident made the basis of this lawsuit." Dkt. 42-1 at 2. Wheaton objects to the request on the grounds of relevance and confidentiality, arguing that "the amount or source of payment that Wheaton received for the transportation of goods being hauled by Alex Schlief at the time of the incident is of no possible relevance." Dkt. 44 at 3. Wheaton also argues that Plaintiffs already possess this information, based on Wheaton's production of invoices and statements in response to Plaintiffs' other discovery requests. Because the Court agrees that the information sought is not relevant to the negligence claims in this lawsuit, and based on Wheaton's uncontroverted statements that Plaintiffs already are in possession of the requested information, Plaintiffs' Motion is denied with regard to this request.

### 2.      Request No. 61

Request No. 61 seeks: "All policies of YOURS in effect at the time of the incident made the basis of this lawsuit regarding the use of cell phones while operating a company vehicle." Dkt. 42-1 at 19-20. Wheaton objects to this request on the basis of relevance, contending that "Wheaton does not have any 'company vehicle' that was involved in this action," and states that "it is a matter of record that the vehicle being driven by Alex Schlief at the time of the accident was a shuttle truck rented from Penske." Dkt. 44 at 3. Based on the foregoing, the Court agrees that this request seeks irrelevant information. Accordingly, Plaintiffs' Motion to Compel is denied with regard to this request.

### 3.      Request No. 64

Request No. 64 seeks: "All documents which show that at the time of the incident made the basis of this lawsuit you permitted ALEX SCHLIEF or did not permit ALEX SCHLIEF to operate the equipment, including tractor and trailer involved in the incident made the basis of this lawsuit." Dkt. 42-1 at 21. Wheaton stated in response that it has no responsive documents that were generated before June 11, 2018, and objected to the extent the request seeks privileged information

generated after that date, "by which Wheaton formed a reasonable anticipation of litigation, and therefore, seeks documents protected from disclosure by the work product doctrine." Dkt. 44 at 4. The Court agrees.

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED. R. CIV. P. 26(b)(3)(A). However, Rule 26(b)(3)(A) permits disclosure of documents and tangible things constituting attorney work product if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. 26(b)(3)(A)(ii). Wheaton has failed to meet this burden. The Court also finds that Wheaton's Response complies with a privilege claim pursuant to Rule 26(b)(5).

Based on the foregoing, the Court denies the Motion to Compel regarding Request No. 64.

### 4.      Request No. 69

Request No. 69 seeks:

> Regarding the transportation of goods being hauled by Alex Schlief at the time of the incident made the basis of this lawsuit produce copies of all documents which show the full legal name of the business entity that had the exclusive control, supervision and direction over:
>
> a. The manner in which transportation services were provided
>
> b. The persons engaged in provided transportation services
>
> c. The equipment selected and used to provide transportation services
>
> d. The selection of the driver used to deliver the goods
>
> e. The selection of the vehicle used to deliver the goods

Dkt. 42-1 at 23.

Wheaton argues that this request seeks information generated after June 11, 2018 that is protected by the work product doctrine. In addition, Wheaton has stated that it will supplement its response "to state that, based on the evidence, no individual or entity had 'exclusive' control,

supervision or direction of either Alex Schlief or the vehicle that was involved in the accident." Dkt. 44 at 6. Based on the foregoing, the Court denies the Motion with regard to Request No. 69.

Accordingly, Plaintiffs' Motion to Compel (Dkt. 42) is **DENIED**.

## B. Plaintiffs' Motion to Compel Spike to Produce all Insuring Agreements

Plaintiffs move for an order compelling Spike to produce copies of all insuring agreements, including primary, umbrella, and excess policies. Plaintiffs allege that Spike has failed to produce all of the relevant insuring agreements, and, instead, has produced only a single declaration page. Spike failed to timely respond to Plaintiffs' Motion to Compel.

Pursuant to Local Rule CV-7(e)(2), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. *See* Local Rule CV-7(e)(2) (stating that responses to non-dispositive motions are due within 7 days after the filing of the motion). Accordingly, the Court **GRANTS** Plaintiffs' Motion to Compel Defendant Spike, Inc. to Produce all Insuring Agreements pursuant to Rule 26 (Dkt. 51) as unopposed pursuant to Local Rule CV-7(e)(2).

## IV.    Summary

Plaintiffs' Motion for an Order Compelling Production of Documents from Defendant Wheaton Van Lines Inc. (Dkt. 42) is **DENIED**. The Court **GRANTS** Plaintiffs' Motion to Compel Defendant Spike, Inc. to Produce all Insuring Agreements pursuant to Rule 26 (Dkt. 51) as unopposed pursuant to Local Rule CV-7(e)(2). **IT IS FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

**SIGNED** on July 22, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

6